# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JAMES J. ENGLAND**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF COLUMBUS, OHIO, et al.**, <br><br> Defendants. | Case No. 2:19-cv-1049 <br><br> Judge Sarah D. Morrison <br><br> Magistrate Judge Kimberly A. Jolson <br><br> **ANSWER** |

For their answer to the complaint filed by Plaintiff James J. England ("Plaintiff") on March 20, 2019 (R.1 #1–49), Defendants City of Columbus, Keith Abel, Douglas Fulwider, Amando Dungey,[1] and Kenneth Griffis ("Defendants") jointly and respectfully state the following:

## SPECIFIC ADMISSIONS, DENIALS & STATEMENTS

*Preliminary Statement*

1. Plaintiff's complaint states at least one civil rights claim against Defendants under 42 U.S.C. § 1983. The incident upon which Plaintiff bases his claim occurred within the City of Columbus, County of Franklin, and State of Ohio on February 6, 2015. Defendants deny any remaining allegations in Paragraph 1.

2. Defendants will also refer to Defendants Keith Abel, Douglas Fulwider, Amando Dungey, and Kenneth Griffis as the "Officer Defendants." Plaintiff purports to sue the Officer Defendants in both their individual and official capacities. The official-capacity claims, however, are duplicative of the claims against Defendant City of Columbus itself. Defendants deny any remaining allegations in Paragraph 2.

---

[1] Columbus Police Officer Amando Dungey has been erroneously sued as "Armando Dungey."

3. Defendants will also refer to Defendant City of Columbus as the "City." Defendants deny any remaining allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

5. Defendant Keith Abel shot Plaintiff during the course of an arrest on February 6, 2016. The February 6, 2016 arrest was made pursuant to at least one felony warrant. Defendants advised Plaintiff that he was under arrest and were ultimately able to fully handcuff Plaintiff and take him into custody. Defendants deny any remaining allegations in Paragraph 5.

*Jurisdiction & Venue*

6. This Court has subject matter jurisdiction over Plaintiff's claims. This Court is the proper venue for Plaintiff's claims. Defendants deny any remaining allegations in Paragraph 6.

*Parties*

7. Plaintiff is now a resident of the City of Chillicothe, County of Ross, and State of Ohio. On February 6, 2015, Plaintiff was a resident of the City of Columbus, County of Franklin, and State of Ohio. Defendants deny any remaining allegations in Paragraph 7.

8. The City is a municipal corporation within the State of Ohio. The City is organized, exists, and operates under the Ohio Constitution, the laws of the State of Ohio, the Columbus City Charter, and the Columbus City Codes. The City is a "person" within the meaning of 42 U.S.C. § 1983. The City acts at all times under color of state law. Defendants deny any remaining allegations in Paragraph 8.

9. At all times relevant to this civil action, Defendant Keith Abel has been a police officer employed by the City. He is a "person" within the meaning of 42 U.S.C. § 1983, and was acting under color of state law at the time of the incident alleged in the complaint. Although Plaintiff purports to sue Officer Abel in both his individual and official capacities, the official-capacity claims against

Officer Abel are duplicative of that claims that Plaintiff has already asserted against the City itself. Defendants deny any remaining allegations in Paragraph 9.

10. At all times relevant to this civil action, Defendant Douglas Fulwider has been a police officer employed by the City. He is a "person" within the meaning of 42 U.S.C. § 1983, and was acting under color of state law at the time of the incident alleged in the complaint. Although Plaintiff purports to sue Officer Fulwider in both his individual and official capacities, the official-capacity claims against Officer Fulwider are duplicative of that claims that Plaintiff has already asserted against the City itself. Defendants deny any remaining allegations in Paragraph 10.

11. At all times relevant to this civil action, Defendant Amando Dungey has been a police officer employed by the City. He is a "person" within the meaning of 42 U.S.C. § 1983, and was acting under color of state law at the time of the incident alleged in the complaint. Although Plaintiff purports to sue Officer Dungey in both his individual and official capacities, the official-capacity claims against Officer Dungey are duplicative of that claims that Plaintiff has already asserted against the City itself. Defendants deny any remaining allegations in Paragraph 11.

12. At all times relevant to this civil action, Defendant Kenneth Griffis was a sergeant and a police officer employed by the City. He is a "person" within the meaning of 42 U.S.C. § 1983, and was acting under color of state law at the time of the incident alleged in the complaint. Although Plaintiff purports to sue Sgt. Griffis in both his individual and official capacities, the official-capacity claims against Sgt. Griffis are duplicative of that claims that Plaintiff has already asserted against the City itself. Defendants deny any remaining allegations in Paragraph 12.

*Facts*

13. On February 6, 2015, Plaintiff resided at 2756 Dolby Drive, Columbus Ohio 43207. Plaintiff now resides at Ross Correctional Institution at 16149 State Route 104, Chillicothe, Ohio 45601. Defendants deny any remaining allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. The Officer Defendants were separated from Plaintiff by a patio door that was partially covered by plywood. The photograph attached to Plaintiff's complaint as Exhibit A (R.1 #18) appears to be a portion of a larger photograph taken by the Columbus Division of Police's Critical Incident Response Team. The photograph appears to show the patio door discussed above. The Officer Defendants were able to observe Plaintiff through an opening at the top of the patio door. The Officer Defendants were not able to "fully observe" Plaintiff. Defendants deny any remaining allegations in Paragraph 20.

21. Officer Fulwider reached through the opening at the top of the patio door and attempted to secure Plaintiff in handcuffs. Defendants deny any remaining allegations in Paragraph 21 for lack knowledge, information, or belief.

22. Officer Abel stepped on an object just outside of the patio door in order to assist Officer Fulwider in his efforts to secure Plaintiff. The Officer Defendants never gained full control of Plaintiff while he struggled with them in the area around the patio door. Plaintiff was never securely handcuffed while he struggled with the Officer Defendants in the area around the patio door. Officer Fulwider's post-incident interview speaks for itself. Defendants deny any remaining allegations in Paragraph 22.

23. At some point during the struggle to handcuff and secure Plaintiff, Officer Abel's taser was dropped. Defendants deny any remaining allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Officer Abel was represented by an attorney during a post-incident interview with investigators from the Columbus Division of Police's Critical Incident Response Team. Officer Abel's attorney was present during that interview. Exhibit B to Plaintiff's complaint appears to be a copy of Officer Abel's post-incident interview (R.1 #19–48) and a copy of the drawing discussed therein (R.1 #49). Officer Abel's post-incident interview speaks for itself. Defendants deny any remaining allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Two pit bulls were present during the struggle to handcuff and secure Plaintiff, and the Officer Defendants were concerned about the dogs' hostile behavior. Defendants deny any remaining allegations in Paragraph 27.

28. At some point during the struggle to handcuff and secure Plaintiff, Officer Abel drew his Division-issued firearm. Officer Abel drew his firearm in light of the threat from the dogs and in light of Plaintiff's actions, which indicated an intention to resist arrest (possibly with force). Defendants deny any remaining allegations in Paragraph 28.

29. None of the Officer Defendants ever gained full control of Plaintiff while he struggled with them in the area around the patio door. Plaintiff was never securely handcuffed while he struggled with the Officer Defendants in the area around the patio door. At some point during the struggle to handcuff and secure Plaintiff, Officer Fulwider grabbed Officer Abel's gun belt for fear that Officer Abel was going to fall through the opening in the patio door where Plaintiff and the hostile pit bulls could reach him. Defendants deny any remaining allegations in Paragraph 29.

30. The Officer Defendants were unable to pull Plaintiff through the opening in the patio door. Defendants deny any remaining allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32.

33. Officer Abel's post-incident interview speaks for itself, and Plaintiff's lengthy recitations from it violates Fed. R. Civ. P. 8(a)(2)'s mandate for a "short and plain statement of the claim showing that the pleader is entitled to relief." In any event, Defendants deny any allegations in Paragraph 33.

34. Officer Abel's post-incident interview speaks for itself, and Plaintiff's lengthy recitations from it violates Fed. R. Civ. P. 8(a)(2)'s mandate for a "short and plain statement of the claim showing that the pleader is entitled to relief." In any event, during his post-incident interview, Officer Abel stated that he had not seen a weapon on Plaintiff's person and that he had not seen any weapons in close proximity to Plaintiff at the time he fired his weapon. Defendants deny any remaining allegations in Paragraph 34.

35. Officer Abel's post-incident interview speaks for itself, and Plaintiff's lengthy recitations from it violates Fed. R. Civ. P. 8(a)(2)'s mandate for a "short and plain statement of the claim showing that the pleader is entitled to relief." In any event, during his interview, Officer Abel stated that he did not remember seeing the dogs when Plaintiff began to pull him through the opening in the patio door, because he was so focused on the threat and on Plaintiff. Defendants deny any remaining allegations in Paragraph 35.

36. Officer Abel's post-incident interview speaks for itself, and Plaintiff's lengthy recitations from it violates Fed. R. Civ. P. 8(a)(2)'s mandate for a "short and plain statement of the

claim showing that the pleader is entitled to relief." In any event, Defendants admit the allegations in Paragraph 36.

37. Officer Abel did not fire his weapon at Plaintiff from "point blank range." Officer Abel was being pulled by Plaintiff through the opening in the patio door at the time he fired his weapon at Plaintiff. Defendants any remaining allegations in Paragraph 37.

38. Officer Abel did not fire his weapon at Plaintiff from "point blank range." Defendants deny any remaining allegations in Paragraph 37.

39. Officer Abel's post-incident interview speaks for itself, and Plaintiff's lengthy recitations from it violates Fed. R. Civ. P. 8(a)(2)'s mandate for a "short and plain statement of the claim showing that the pleader is entitled to relief." In any event, Defendants admit the allegations in Paragraph 39.

40. Defendants admit the allegations in Paragraph 40.

41. Plaintiff crawled through the dog door and back into his residence. Defendants deny any remaining allegations in Paragraph 41.

42. Defendants admit the allegations in Paragraph 42.

43. Officer Abel's post-incident interview speaks for itself, and Plaintiff's lengthy recitations from it violates Fed. R. Civ. P. 8(a)(2)'s mandate for a "short and plain statement of the claim showing that the pleader is entitled to relief." In any event, Defendants admit the allegations in Paragraph 43.

44. Officer Abel's post-incident interview speaks for itself, and Plaintiff's lengthy recitations from it violates Fed. R. Civ. P. 8(a)(2)'s mandate for a "short and plain statement of the claim showing that the pleader is entitled to relief." In any event, Columbus Police Sergeant Eric Pilya actually asked Defendant Abel, "So when you fired the gun, did you still have a hold of the suspect?

Cause that's kinda the way it reads," and Defendant Abel responded, "I don't," without any ellipsis. Defendants deny any remaining allegations in Paragraph 44

45. Officer Abel's post-incident interview speaks for itself, and Plaintiff's lengthy recitations from it violates Fed. R. Civ. P. 8(a)(2)'s mandate for a "short and plain statement of the claim showing that the pleader is entitled to relief." In any event, Sgt. Pilya actually asked Defendant Abel, "Were you firing your weapon at the suspect due to his attempting to flee back into the house," and Defendant Abel replied, "No." Defendants deny any remaining allegations in Paragraph 45.

46. Officer Dungey was interviewed after the incident. Officer Dungey's interview speaks for itself. In any event, during that interview, Officer Dungey said he observed Defendant Abel putting handcuffs on Plaintiff when he went around back to the house and that Plaintiff broke free and started running into the back door of the house. Defendants deny any remaining allegations in Paragraph 46.

47. Officer Dungey was interviewed after the incident. Officer Dungey's interview speaks for itself. Plaintiff's complaint references an Exhibit C, but no Exhibit C is attached to the complaint. No Exhibit C has been filed with the complaint. In any event, Defendants deny any allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

*Policies and Practices, and Ratification*

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. The City ultimately found Officer Abel's discharge of a firearm to have been within policy and found no wrongdoing on the part of the other Officer Defendants. Defendants deny any remaining allegations in Paragraph 60.

61. The City conducted an internal investigation in to the incident about which Plaintiff complains. Defendants deny any remaining allegations in Paragraph 61.

62. Defendants admit the allegations in Paragraph 62.

63. The City ultimately found Officer Abel's discharge of a firearm to have been within policy and found no wrongdoing on the part of the other Officer Defendants. Defendants deny any remaining allegations in Paragraph 63.

*Harm to Plaintiff*

64. Defendants deny the allegations of Paragraph 64 for lack of knowledge, information, and belief.

65. The Officer Defendants' conduct was not wrongful. Defendants deny any remaining allegations of Paragraph 65 for lack of knowledge, information, and belief.

66. Defendants deny the allegations of Paragraph 66 for lack of knowledge, information, and belief.

67. Plaintiff seeks several categories of damages from Defendants. Defendants deny that Plaintiff is entitled to them. Defendants deny any remaining allegations of Paragraph 67.

### First Claim for Relief - § 1983
### Violation of 4th and 14th Amendments

68. Defendants repeat the foregoing paragraphs of this answer as if fully rewritten here.

69. At all times relevant to this civil action, Defendants acted under color of state law. Defendants deny any remaining allegations of Paragraph 69.

70. At all times relevant to this civil action, Defendants acted under color of state law. Defendants deny any remaining allegations of Paragraph 70.

71. The acts or conduct that were committed by Officer Abel and Officer Dungey and about which Plaintiff now complains occurred in the presence of each other and in the presence of Officer Fulwider and Sgt. Griffis. Defendants deny any remaining allegations of Paragraph 71.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

### Second Claim for Relief
### Violation of the Eighth Amendment

74. Defendants repeat the foregoing paragraphs of this answer as if fully rewritten here.

75. At no time during the incident about which Plaintiff complains did the Eighth Amendment to the U.S. Constitution apply to him. Defendants deny any remaining allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

77. Defendants deny the allegations of Paragraph 77.

78. Defendants deny the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

### Third Claim for Relief
### Failure to Supervise

80. Defendants repeat the foregoing paragraphs of this answer as if fully rewritten here.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

*Fourth Claims for Relief*
*Negligent Infliction of Emotional Distress*

86. Defendants repeat the foregoing paragraphs of this answer as if fully rewritten here.

87. Defendants admit the Officer Defendants owed a legal duty of care to Plaintiff to the extent such a legal conclusion can be admitted or denied by anyone other than the Court. Defendants deny any remaining allegations in Paragraph 87.

88. Defendants admit that emotional injury is a reasonably foreseeable consequence of any use of force to the extent such a legal conclusion can be admitted or denied by anyone other than the Court. Defendants deny any remaining allegations in Paragraph 88.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90 for lack of knowledge, information, or belief.

91. Defendants deny the allegations of Paragraph 91.

*Jury Demand*

92. Defendants do **not** request a jury on any claims so triable.

**GENERAL ADMISSIONS, DENIALS & STATEMENTS**

93. Defendants deny each and every allegation in Plaintiff's complaint that has not been specifically and unequivocally admitted in one or more of the foregoing paragraphs of this answer.

## AFFIRMATIVE DEFENSES

94. Plaintiff fails to state claims upon which relief can be granted.

95. Plaintiff's claims are barred by the applicable statutes of limitations.

96. With respect to Plaintiff's federal claims, the Officer Defendants are entitled to qualified immunity.

97. With respect to Plaintiff's state-law claims, Defendants are entitled to the statutory immunity afforded them under Chapter 2744 of the Ohio Revised Code, as well as all other applicable defenses, set-offs, and limitations set forth therein.

98. Plaintiff's guilty plea to and conviction on the charge of resisting arrest in *State v. England*, Case No. 2015 CR B 4964 (Ohio Muni Ct. Franklin June 18, 2015), precludes Plaintiff from arguing here that he was not resisting arrest on February 6, 2015.

99. Plaintiff's guilty plea to and conviction on charges of felonious assault and attempted felonious assault in *State v. England*, Case No. 15 CV 792 (Ohio Common Pleas Franklin May 16, 2016), precludes Plaintiff from arguing here that the Officer Defendants lacked probable cause to arrest him on February 6, 2015.

100. Plaintiff's claims are barred (either in whole or in part) by his own comparative fault, contributory negligence, assumption of the risk, and/or wrongful conduct.

101. Plaintiff's claims are barred (either in whole or in part) by his own conduct under O.R.C. § 2307.60.

102. Defendants reserve the right to assert such additional defenses that may become apparent as investigation and discovery in this civil action proceeds.

## PRAYER FOR RELIEF

103. Having fully answered the complaint of Plaintiff James J. England, Defendants City of Columbus, Keith Abel, Douglas Fulwider, Amando Dungey, and Kenneth Griffis jointly and

respectfully request that this Court issue an order (a) dismissing this case with prejudice; (b) finding the claims asserted in Plaintiff's complaint to be frivolous and to have been asserted in bad faith or for purposes of vexation or harassment; (c) assessing the costs of this civil action, including all reasonable attorney fees incurred in the defense of these claims, against Plaintiff; and (d) awarding Defendants any and all other relief the Court deems just, equitable, or necessary.

Respectfully submitted,

*/s/ Andrew D.M. Miller*

Andrew D.M. Miller (0074515)
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
admmiller@columbus.gov

Attorney for Defendants

## CERTIFICATE OF SERVICE

On **October 22, 2019**, I electronically filed the foregoing with the Clerk of the Court by using the Court's e-Filing System. That system will send a notice of this electronic filing to all counsel of record.

*/s/ Andrew D.M. Miller*

Andrew D.M. Miller (0074515